## FIRE INSURANCE—PLEADING.

[Auglaize Circuit Court, November 17, 1897.]

\*SECURITY FIRE INSURANCE CO. v. LILLIAN MCFARLAND.

1. SECTION 3643, REV. STAT.—COMPANY MUST PAY—NOT REPLACE.

No personal privilege is conferred upon the insured under Sec. 3643, Rev. Stat., defining the extent of liability of insurance companies under their policies, which he may waive or qualify by agreement. The statute is a part of the policy and is read into the contract of insurance therein. Hence a company is bound to pay the loss whether total "or partial and can not rebuild or replace.

2. CONDITION AS TO VACANCY—HAZARD MUST BE INCREASED.

A condition in a policy of insurance that if the property insured becomes unoccupied without the assent of the company the policy shall be void, is not in conflict with Sec. 3643, Rev. Stat., limiting the extent of liability upon policies, provided such condition increases the risk, but the fact that premises are unoccupied does not in itself raise to any degree the presumption of increase of hazard of the risk.

3. PLEADING—WHEN FACTS DO NOT RAISE PRESUMPTIONS.

When a fact is asserted in a pleading which raises no presumption that will amount to a defense to the action, the pleader is called upon to assert and supply such facts or defenses as will take the place of presumption and bar recovery; and this cannot be supplied by pleading findings or conclusions.

4. RULES APPLIED.

Allegations in the answer of an insurance company in an action for indemnity for loss by fire, that the insured suffered the premises to become vacant and unoccupied without defendant's consent, and thereby increased the risk, without allegation of fact to show how or in what manner such risk was increased, are not sufficient and do not raise such a presumption as will amount to a defense.

5. DEMURRER DOES NOT ADMIT TRUTH OF CONCLUSIONS.

A demurrer does not admit the truth of a mere conclusion.

BY THE COURT.

These actions, the above entitled and Eureka Fire Insurance Company against the same defendant, are identical as to fact and law, and are both submitted upon the same arguments and briefs. Each action is for recovery upon a policy of fire insurance for loss occasioned by destruction of the insured property by fire. The policies insured the dwelling house of the defendant in error and the household and chattel property therein against loss or damage by fire. The policies were issued to W. H. McFarland, who was at that time the owner of the insured property. Upon sale and transfer of the property to his wife, the defendant in error, the policies, with the assent of the companies, were assigned to his wife, the defendant in error.

The petitions are in the usual form for recovery in cases of like liability, and allege that the property was, on January 5, 1896, during the lives of these policies, destroyed by fire; aver proof of loss, and pray judgment.

To each of the petitions in these cases the defendant filed an answer and afterwards filed to each an amended answer. The amended answers admitted the issuing of the policies and their transfer to the defendant in error.

\* Affirmed by the Supreme Court, 60 Ohio St. 617.

As a first defense, it is alleged that by the terms of these policies it was agreed that the loss should in no case exceed the amount necessary to replace the property with material of like kind and quality, and that the insurers had the right to make good the loss with other properties of like kind and quality; that the companies served notice of their intention to replace and rebuild the destroyed property, and demanded of defendant in error the right to enter the premises and reconstruct and rebuild and replace, which right was refused; and that the insurers were prevented by the defendant in error from complying upon their part with this condition of the policies.

As a second defense, plaintiff in error pleads in its answers that the property was insured upon the condition that if the premises became unoccupied without the assent of the companies endorsed on the policy, then in such case the policies should be void; that on several occasions prior to September 25, 1895, the date of the sale of the property and transfer of the policies to defendant in error, and during the life of the policies, she and her husband vacated the premises for long periods of time and allowed the same to remain unoccupied for nearly sixty days at a time, without the assent of the insurers endorsed upon the policies, and that about September 25, 1895, defendant in error, without the assent of the insurers so endorsed, vacated said premises and left the same unoccupied for nearly three months, thereby increasing the risk, and that the policies thereby became, and were at the time of the fire, null and void; and the answers ask that the petitions be dismissed, etc.

To the first defense of this answer a demurrer was filed, which was sustained by the common pleas; and thereupon the paintiffs in error, defendants below, filed second amended answers to the respective petitions, which made a similar defense set up in the first amended answers as a second defense, making the further allegation, however, that the property insured was so vacated and left unoccupied without the knowledge or consent of the insurers.

To these second amended answers, demurrers were filed, which were sustained by the common pleas.

There were no further pleadings, and the common pleas entered judgment on the demurrers and upon the petitions and evidence, found the amounts due as claimed in the respective petitions and rendered judgment accordingly.

And to the proceedings thus had error is here prosecuted.

Sustaining the demurrers to the first defense in the first amended answers does not appear to be assigned in the petition in error as a reason for reversal, but rather, is abandoned in the further pleadings as a defense to the action, and we think properly. That a statement pleaded as a first defense was abandoned in the further pleadings is well enough. As a defense it conflicts with Sec. 3643, Rev. Stat., which brings the extent of liability of insurance companies under their policies. The contract of the policy of insurance under that section is to pay the loss, whether total or partial, and not to rebuild or replace. That section becomes a part of and is read into the policy. It does not say the authorities confer the personal privilege upon the insured which he may waive or qualify by agreement, but establishes the rule and moulds the obligation. That defense being inconsistent with that section, must give way.

The errors assigned are to action of the court in sustaining the demurrers to the second defense as pleaded in the second amended

Insurance Co. v. McFarland.

answers, and in the conclusions of the court as to the law and entering judgment for plaintiffs below.

The defenses pleaded in the second amended answers in these cases are, that on various occasions during the life of these policies, the defendant below and her husband, particularly about September 25, 1895, vacated the insured property and allowed the same to remain unoccupied for long periods of time, and this without the knowledge or consent of the insurers and without such assent being endorsed upon the policies, thereby increasing the risk; that is to say that such vacancy increased the risk.

Section 3643, Rev. Stat., provides that in the absence of any change in the condition of the property, without the assent of the company, which increases the risk, and in the absence of intentional fraud upon the part of the insured, the company must pay the amount of loss; if total, the whole amount of loss; if partial, the full amount of the partial loss of insured.

The condition that if the property became unoccupied without the assent of the company the policy should be void, is not in conflict with Sec. 3643, Rev. Stat., provided such condition increases the risk.

Defenses of this character must be such change in the condition of the insured property as increases the risk; not in taking fine spun and fine printed conditions; the hazard of insurance must be increased and destruction of the insured property by fire must be more liable and apparent. The insurance companies ask to be excused from liability not only because the premises were suffered to remain unoccupied, but because such unoccupancy increased the hazard of the risk.

When insured property becomes vacant or unoccupied, the risk of destruction by fire is not thereby necessarily increased, nor does the fact that it is vacant or unoccupied raise to any degree this presumption.

When a fact is asserted in a pleading which raises no presumption that will amount to a defense to the action, then the pleader is called upon to assert and supply such facts or defenses as will take the place of presumption and bar recovery, and this cannot be supplied by the pleading of findings or conclusions. The matter pleaded must be such incidents of the controversy as from which the court, which is called upon to consider the pleadings, can base its findings and rest its judgment.

The allegation in these answers that the plaintiff below suffered this property, without the consent of the insurer, to become vacant and unoccupied, failed, by the mere assertion that the risk was thereby increased to any extent, without any other or further fact, to show how or in what manner this condition changed the duties; as any condition rendering the insurance more hazardous, it is not sufficient pleading and does not state the matter in the shape of a defense. A demurrer does not admit the truth of a mere conclusion, and we are of the opinion that the common pleas very properly sustained the demurrers that were filed to the second amended answers in these cases.

The judgment will therefore be affirmed, with the costs to the plaintiffs in error, and case remanded for execution.

Plaintiff excepts.